Jamie P. Clare – NJ Atty. ID # 057961993
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey  07602-0800
201-489-3000
201-489-1536  Facsimile
*Attorneys for Defendant Udemy, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMED SALEH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UDEMY, INC.,<br><br>Defendant. | CIVIL ACTION NO. 23-cv-_____<br><br>Civil Action<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendant Udemy, Inc. ("Udemy"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446(a), files this Notice of Removal, giving notice that it is removing this civil action to the United States District Court for the District of New Jersey. The address of Udemy's principal place of business is 600 Harrison Street, 3rd Floor, San Francisco, California 94107. Plaintiff resides in Ridgefield, New Jersey, per his complaint,[1] but his postal address is not known to Udemy at this time; he is represented by counsel, Daniel Zemel of Zemel Law, LLC, whose address is 660 Broadway, Paterson, New Jersey 07514.

In support of this Notice of Removal, Defendant states as follows:

---

[1] *See* Exhibit A, ¶ 3 ("Plaintiff is a natural person who at all relevant times has resided in Ridgefield, New Jersey.")

1.      On December 12, 2022, Plaintiff Mohamed Saleh filed an action styled as "Mohamed Saleh, individually and on behalf of all others similarly situated, Plaintiff, v. Udemy, Inc., Defendant," in the Superior Court of New Jersey, Bergen County, with the case number BER-L-006626022. A copy of the complaint is attached to this Notice as **Exhibit A**.

2.      Plaintiff did not immediately serve Udemy. Instead, Plaintiff served Udemy through its registered agent CT Corporation, on March 21, 2023. A copy of the service notification is attached as **Exhibit B**.

3.      The complaint presents solely federal questions, and does so in two counts – one presenting a claim for relief under the federal Wiretap Act, 18 U.S.C. § 2511 *et seq*., and the other presenting a claim for relief under the federal Video Privacy Protection Act, 18 U.S.C. § 2710.

4.      Federal courts have original jurisdiction over "all civil actions arising under the Constituion, laws, or treaties of the United States." 28 U.S.C. § 1331.

5.      Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6.      Because the claims raised in Plaintiff's complaint are exclusively federal, this Court has original jurisdiction under 28 U.S.C. § 1331, thus permitting removal under 28 U.S.C. § 1441.

7.      Removal is timely under 28 U.S.C. § 1446(b)(1), because Udemy files this notice within thirty days of service of the complaint.

8.      This district and division are proper, because Bergen County, New Jersey is within the District of New Jersey, and Bergen County is within the Newark Division.

DATED:  April 20, 2023                  **COLE SCHOTZ P.C.**


                                        By:  */s/ Jamie P. Clare*
                                             Jamie P. Clare, Esq.
                                             Court Plaza North
                                             25 Main Street
                                             P.O. Box 800
                                             Hackensack, New Jersey 07602-0800
                                             jclare@coleschotz.com
                                             201-489-3000
                                             201-489-1536 Facsimile
                                             *Attorneys for Defendant Udemy, Inc.*

Of Counsel:

**BRANN & ISAACSON**
David W. Bertoni, Esq. *Pro hac vice forthcoming*
David Swetnam-Burland, Esq. *Pro hac vice forthcoming*
Eamonn R.C. Hart, Esq. *Pro hac vice forthcoming*
113 Lisbon Street, P.O. Box 3070
Lewiston, Maine 04243-3070
dbertoni@brannlaw.com
dsb@brannlaw.com
ehart@brannlaw.com
207-786-3566
207-783-9325 Facsimile
*Attorneys for Defendant Udemy, Inc.*

# EXHIBIT A

**Zemel Law LLC**
Daniel Zemel, Esq.
Attorney ID # 1114022014
660 Broadway
Paterson, NJ 07514
(P) (862) 227-3106
dz@zemellawllc.com
Attorneys for Plaintiff

| | |
|---|---|
| MOHAMED SALEH, on behalf of himself and all others similarly situated, | ) SUPERIOR COURT OF NEW JERSEY<br>) BERGEN COUNTY<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No:<br>) |
| | )<br>) |
| UDEMY, INC., | ) CIVIL COMPLAINT<br>) |
| Defendant. | )<br>) |

Plaintiff alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). Plaintiff's claims arise from Defendant's practice of knowingly disclosing to a third party, Meta Platforms, Inc. ("Facebook"), data containing Plaintiff's and other digital-subscribers Class Members' (i) personally identifiable information or Facebook ID ("FID") and (ii) the computer file containing video and its corresponding URL viewed ("Video Media") (collectively, "Personal Viewing Information"). Plaintiff's allegations are made on personal knowledge as to Plaintiff and Plaintiff's own acts and upon information and belief as to all other matters.

## JURISDICTION AND VENUE

2.   Plaintiff is a New Jersey resident, and the cause of action arose in New Jersey. As such, this Court has jurisdiction and venue over this action pursuant to R. 4:3-2.

## PARTIES

3.   Plaintiff is a natural person who at all relevant times has resided in Ridgefield, New Jersey.

4.   Defendant Udemy, Inc., ("Udemy") has as its principal place of business 600 Harrison St., 3rd Floor San Francisco, CA 94107.

## BACKGROUND

5.   The VPPA was passed in 1988 for the explicit purpose of protecting the privacy of individuals' and their families' video rental, purchase, and viewing data. Leading up to its enactment, members of the United States Senate warned that "[e]very day Americans are forced to provide to businesses and others personal information without having any control over where that information goes." S. Rep. No. 100-599 at 7-8 (1988).

6.   With the increasing utilization of internet engagement, the amount of data that is obtained and stored on each individual is staggering. In part, the storage of internet data has reached such heights through the frequent viewership of audiovisual materials by nearly every consumer in America. While the pool of data accumulated on each American continues to grow, the companies receiving this data have not protected the privacy of its customers or subscribers as intended by Congress.

7.   This is a consumer privacy action for violating the VPPA by disclosing private information concerning its digital subscribers to Facebook without proper consent.

8.   The VPPA prohibits "video tape service providers," from knowingly disclosing consumers' personally identifiable information, including "information which identifies a person as having

requested or obtained specific video materials or services from a video tape provider," without express consent in a standalone consent form.

9.  One of the most efficient tools utilized for the storing and sharing of personally identifiable information, and the specific videos watched by a given consumer is known as the "Facebook Pixel."

10. The Facebook Pixel is a snippet of programming code that, once installed on a webpage or mobile application, tracks users as they navigate through a website or app and sends information regarding the user's activity to Facebook.

11. The information shared with Facebook, through the pixel, includes the title of the prerecorded video the subscriber watched, and most notably, the subscribers' FID.

12. A user's FID is linked to their Facebook profile, which generally contains a wide range of demographic and other information about the user, including pictures, personal interest, work history, relationship status, date of birth, and other details. The FID is a unique identifier for each individual Facebook user.

13. The Pixel allows Facebook to build detailed profiles about a website's users as those users browse the Internet, so that targeted advertisements can be served on them.

14. The transmission of consumer data through tracking tools such as the Facebook Pixel also violates the Wiretap Act, 18 U.S. Code § 2511, ("Wiretap Act").

15. The Wiretap Act was passed in 1968 to prevent the unlawful tapping and disclosure of consumer communication.  The Act's purpose was to free consumer's from unreasonable intrusion upon seclusion, and ensure the right to be free from unreasonable publicity concerning one's private life. *Fultz v. Gilliam*, 942 F.2d 396, 401 (6th Cir. 1991). Wiretapping was considered by Congress to be a "highly offensive physical intrusion on the victim's private affairs."

16. Recording and forwarding the video preferences of consumers, to third parties, such as Facebook, without the consumer's consent, is a highly offensive intrusion of the consumer's right to privacy.

## FACTUAL STATEMENT

17. Defendant owns and operates www.udemy.com.

18. Udemy is engaged in the business of delivery of prerecorded audiovisual materials. Specifically, Udemy sells instructional videos to its subscribers.

19. www.udemy.com has embedded the Facebook Pixel into its computer code.

20. When a Udemy subscriber watches videos on Defendant's website, the Pixel installed by Defendant on its own website sends to Facebook certain information about the viewer and what the viewer watched. Specifically, Udemy sends to Facebook the video content name, its URL, and the subscriber's FID.

21. Plaintiff is a subscriber of Udemy and a regular Facebook user.

22. Plaintiff consistently paid Udemy a subscription fee during the period of his subscription.

23. Plaintiff watched video content through www.udemy.com.

24. Udemy disclosed to Facebook both Plaintiff' FID as well as the title of the videos watched on Udemy.

25. Plaintiff did not provide written consent to Udemy to disclose the personal information.

## CLASS ACTION ALLEGATIONS

### The Class

26. Plaintiff brings this as a class action. Plaintiff seeks to represent a class for purposes of liquidated and punitive damages only. Plaintiff does not seek actual damages for the class.

27. Plaintiff seeks certification of the following classes, initially defined as follows:

4

VPPA Class: All Udemy subscribers within the United States for whom Udemy provided information which identifies a person as having requested or obtained specific video materials or services within two years of the filing of this action through final judgment.

Wiretap Class: All Udemy subscribers within the United States for whom Udemy intercepted/procured electronic communications within two years of the filing of this action through final judgment.

## Numerosity

28. Upon information and belief, Defendant has provided personally identifiable information on hundreds, if not thousands, of consumers to Facebook, each of which disclosure violates the VPPA and Wiretap Act. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from the records of Defendant and Facebook.

## Common Questions of Law and Fact

30. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the VPPA and Wiretap Act; (ii) whether the Plaintiff and the Class has been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

31. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the common uniform course of conduct complained of herein: Plaintiff and each member of the class have had their information disclosed through the Facebook Pixel. Accordingly, Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

**Protecting the Interests of the Class Members**

32. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

33. Neither the Plaintiff nor counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

34. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

35. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

36. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

37. Questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. Prosecuting separate actions against the named Defendant concerning its failure to maintain adequate policies to comply with the VPPA or Wiretap Act could result in inconsistent or varying adjudications with respect to individual class members, and would result in adjudications that would impair or impede their ability to protect their interests.

39. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

40. Absent a class action, the members of the Classes will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling the conduct to proceed and harm consumers.

**COUNT I**
**VIOLATION OF THE WIRETAP ACT**
**18 U.S.C. § 2511, *et seq.***

41. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

42. Defendant has intentionally acquired the contents of Plaintiff's electronic communications using an electronic software such as the Facebook Pixel.

43. Defendant has intentionally disclosed Plaintiff's electronic communications to third parties, knowing that said information was wiretapped.

44. Plaintiff never consented to be wiretapped by Defendant and never knew that Defendant was wiretapping her activities and communications

**COUNT II**
**VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT**

45. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

46. Defendant is a "video tape service provider" as defined under 18 U.S.C. § 2710.

47. Plaintiff is a subscriber of Defendant's product or service.

48. Defendant knowingly disclosed Plaintiff's personally identifiable information to Facebook.

49. Defendant never obtained written consent to disclose the information compliant with 18 U.S.C. § 2710(b)(2)(B).

WHEREFORE, Plaintiff, respectfully requests that this Court do the following:

1.   Enter an Order declaring Defendant's actions, as described above, in violation of the VPPA and Wiretap Act;

2.   Enter an order for injunctive relief to stop the unlawful discloser of personally identifiable information;

3.   Appoint Plaintiff as the Representative for the Class, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

4.   Enter judgment against the Defendant for statutory, liquidated and punitive damages;

5.   Award costs and reasonable attorneys' fees; and,

6.   Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

50. Plaintiff demands a jury trial on all issues so triable.

Dated: December 12th, 2022

8

Respectfully Submitted,

/s/ *Daniel Zemel*

Daniel Zemel, Esq.
ZEMEL LAW, LLC
660 Broadway
Paterson, NJ 07514
Phone: (862) 227-3106
Fax: (973) 282-8603
dz@zemellawllc.com
Attorneys for Plaintiff

9

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-006626-22**

**Case Caption:** SALEH MOHAMED  VS UDEMY, INC.

**Case Initiation Date:** 12/12/2022

**Attorney Name:** DANIEL ZEMEL

**Firm Name:** ZEMEL LAW

**Address:** 660 BROADWAY

PATTERSON NJ 07514

**Phone:** 8622273106

**Name of Party:** PLAINTIFF : SALEH, MOHAMED

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** TORT-OTHER

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: MOHAMED SALEH? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/12/2022

Dated

/s/ DANIEL ZEMEL

Signed

# EXHIBIT B



**CT Corporation**
**Service of Process Notification**
03/21/2023
CT Log Number 543456122

## Service of Process Transmittal Summary

**TO:**   Ellie Sun
Udemy, Inc.
600 HARRISON ST FL 3
SAN FRANCISCO, CA 94107-1300

**RE:**   **Process Served in New York**

**FOR:**   Udemy, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MOHAMED SALEH, on behalf of himself and all others similarly situated vs. UDEMY, INC. |
| **CASE #:** | BERL00662622 |
| **PROCESS SERVED ON:** | C T Corporation System, New York, NY |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/21/2023 at 13:04 |
| **JURISDICTION SERVED:** | New York |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification, Ellie Sun  ellie.sun.c@udemy.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 28 Liberty Street |
| | New York, NY 10005 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                            Tue, Mar 21, 2023
**Server Name:**                     Ramon Lebron

| Entity Served | UDEMY, INC. |
|---|---|
| Case Number | BER-L-006626-22 |
| Jurisdiction | NY |

| Inserts | | |
|---|---|---|
|  |  |  |



SUPERIOR COURT OF THE STATE OF NEW JERSEY
HUDSON COUNTY

---------------------------------- X
                         :

MOHAMED SALEH, on behalf of himself and all  :    **CASE NO. BER-L-006626-22**
others similarly situated,

                         :    **SUMMONS**

         Plaintiff,          :

                         :

    - against -           :

                         :

UDEMY, INC.,             :

         Defendant.
---------------------------------- X

To the above-named Defendants:

    ***YOU ARE HEREBY SUMMONED*** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within thirty-five (35) days after the service of this summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief as demanded in the complaint. The nature of this action is negligence. The relief sought is damages. Upon your failure to appear, judgment will be taken against you by default together with the costs of this action.

Dated: March 20th, 2023

                               _/s/ Daniel Zemel_
                               Daniel Zemel, Esq.
                               NJ ID#111402014
                               Zemel Law LLC
                               660 Broadway
                               Paterson, New Jersey 07514
                               T: (862) 227-3106
                               **Attorneys for Plaintiff**


TO:    UDEMY, INC.,
          600 Harrison St., 3rd Floor
          San Francisco, CA 94107